# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WALLACE MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-1699 (RMC) |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The United States documents that this case is the same as *Mitchell v. Dr. C. Ephrussi*, No. 15-cv-1975 (RMC), which, upon substitution and removal, was dismissed as to the United States based on Mr. Mitchell's failure to exhaust his administrative remedies under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80. The remaining case against the District of Columbia Department of Corrections was remanded to D.C. Superior Court.[1] The Superior Court then initially dismissed the complaint but later granted Mr. Mitchell's motion to reinstate the case, including the claims against the medical defendants for whom the United States was substituted. As a result, the United States again substituted itself for the medical providers and removed the case to this Court. The United States has moved to dismiss the

---

[1] Mr. Mitchell is serving a prison sentence of twenty years to life for first-degree murder and related crimes imposed in 1991 by the D.C. Superior Court. *See Mitchell v. United States*, 629 A.2d 10, 11 n.2 (D.C. 1993). In July 2014, Mr. Mitchell was transferred to the D.C. Jail from the United States Penitentiary in Florence, Colorado, to attend post-conviction proceedings in Superior Court. Since his arrival, Mr. Mitchell has been no stranger to this court, having "initiated various cases" against the District of Columbia Department of Corrections (DOC). *Mitchell v. Samuels*, 255 F. Supp. 3d 212, 214 (D.D.C. 2017). In this case, Mr. Mitchell sued in Superior Court the DOC and a list of doctors and physician assistants of Unity Health Care, Inc.

complaint, and Mr. Mitchell has moved to remand the case to Superior Court. In addition, Mr. Mitchell has moved separately for various other forms of relief which are now moot by virtue of this decision. See Mot. to Remand [Dkt. 8]; Mot. for Sanctions [Dkt. 9]; Mot. for Relief from Minute Order [Dkt. 16]; Mot. for Leave to file a Surreply [Dkt. 17]. For the reasons explained below, the Court will grant the United States' motion, deny Mr. Mitchell's motions, and dismiss this case.

As this Court explained in the first case, the FTCA provides the only remedy for Mr. Mitchell's tort claims against the federal defendants, and any recovery would be against the United States. *See* Memorandum Opinion and Order, No. 15-cv-1975 (RMC) (2016 Order) [Dkt. 34] at 4-6. A claim under the FTCA "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim," and any such action "is precluded without regard to when the act or omission occurred." 28 U.S.C. § 2679(b)(1). The fact that Mr. Mitchell did not exhaust his administrative remedies before filing suit has not changed; therefore, this case must be dismissed for want of jurisdiction.[2]

A memorializing order accompanies this Memorandum Opinion.

Date:   May 10, 2018

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

---

[2]   To the extent that the government seeks "correction" of the Superior Court's "nonsensical outcome," Mot. at 3, such is the province of the District of Columbia Court of Appeals. This Court has no power to review, let alone to correct, the Superior Court's decision. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (noting that as "a trial level court in the federal judicial system," a district court "generally lacks appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citation omitted)).